**In re Edward Russell FELLOWS, Jr., Debtor.**

**SOUTHERN FEDERAL SAVINGS & LOAN ASSOCIATION OF BROWARD COUNTY, Plaintiff,**

v.

**Edward Russell FELLOWS, Jr., Defendant.**

**Bankruptcy No. 81–01074–A.
Adv. No. 81–0282–A.**

United States Bankruptcy Court,
E. D. Virginia,
Alexandria Division.

July 28, 1982.

Edward Russell Fellows, Jr., West Des Moines, Iowa, pro se.

Henry Counts, Jr., Alexandria, Va., for debtor.

Roy B. Zimmerman, Alexandria, Va., trustee in bankruptcy.

Stephen E. Leach, Fairfax, Va., for plaintiff.

MEMORANDUM OPINION

MARTIN V. B. BOSTETTER, Bankruptcy Judge.

This controversy is before the Court upon the motion of the plaintiff, Southern Federal Savings & Loan Association of Broward County ("Southern Federal"), for summary judgment of its complaint to have its debt declared nondischargeable. The basis for the motion is a judgment in the plaintiff's favor in the amount of $1,107,041.72 compensatory damages and costs, and $100,-000.00 in punitive damages granted by the United States District Court for the Eastern District of Virginia on April 23, 1980.

Southern Federal had purchased a total of 133 first deed of trust mortgages from Commonwealth Mortgage Corporation ("Commonwealth") which were retained by Commonwealth who was engaged by Southern Federal to act as servicing agent for the loans. Edward Russell Fellows, Jr., ("Fellows"), the debtor herein, was the president and principal shareholder of Commonwealth.

Subsequently, Southern Federal detected discrepancies in the accountings and remittances submitted to it by Commonwealth as

its agent. Investigation of the discrepancies revealed that Fellows had resold some of the notes which Southern Federal had purchased. This was done without the knowledge or consent of Southern Federal. Although represented by counsel, Fellows chose not to defend an action for fraud brought against him in the United States District Court for the Eastern District of Virginia. Accordingly, that court entered a default judgment.

At the plaintiff's request, however, the District Court had conducted an evidentiary hearing of the plaintiff's case. The ensuing order, therefore, contained findings of fact regarding the activities of the debtor in his dealings with Southern Federal. These findings included the fact that the debtor had operated Commonwealth as a sole proprietorship, disregarding the corporate form of the entity, and that the debtor had resold to other lending institutions thirty-nine of the mortgages previously purchased by Southern Federal.

In the instant proceeding, Fellows has chosen to counter the motion for summary judgment with only the bare unsworn denials in his answer and amended answer.

Rule 56 of the Federal Rules of Civil Procedure provides that:

> The judgment sought shall be rendered forthwith if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law.

Fed.R.Civ.P. 56(c). Rule 56 provides further that:

> When a motion for summary judgment is made and supported as provided in this rule, an adverse party may not rest upon the mere allegations or denials of his pleading, but his response by affidavits or as otherwise provided in this rule, must set forth specific facts showing that there is a genuine issue for trial. If he does not so respond, summary judgment, if appropriate, shall be entered against him.

Fed.R.Civ.P. 56(e).

Southern Federal supports its motion with copies of: the order granting judgment to Southern Federal and containing findings of fact by United States District Judge, Albert V. Bryan, Jr.; depositions of Commonwealth employees taken in connection with the proceedings that led to the judgment; the transcript of the evidentiary hearing; documents showing the transactions between the parties; and the affidavits of a vice president of Southern Federal and of a partner of the accounting firm that audited Commonwealth's records.

Although Rule 56 provides for summary judgment in appropriate cases, it is not to be lightly granted. However, summary judgment properly may be entered when there is no genuine issue as to any material fact and the movants are entitled to judgment as a matter of law. *Phoenix Savings & Loan, Inc. v. The Aetna Casualty and Surety Company*, 381 F.2d 245, 249 (4th Cir. 1967). The moving party has the burden of producing evidence to show that no genuine issue of fact exists. *Sheridan v. Garrison*, 415 F.2d 699 (5th Cir. 1969).

In passing on a motion for summary judgment, the Court must view the facts in the light most favorable to the resisting party and give to that party the benefit of reasonable inferences to be drawn from the underlying facts. *Adickes v. S. H. Kress and Company*, 398 U.S. 144, 157–59, 90 S.Ct. 1598, 1608–09, 26 L.Ed.2d 142 (1970). Any doubts by the court concerning the existence of a disputed material fact must be resolved against the movant. *Phoenix Savings and Loan, Inc., supra*, at 249.

The burden on the nonmoving party is not a heavy one. He need only demonstrate the existence of specific facts, as opposed to general allegations, that present to the court a genuine issue of material fact. *First National Bank of Arizona v. Cities Services Company*, 391 U.S. 253, 288–89, 88 S.Ct. 1575, 1592–93, 20 L.Ed.2d 569 (1968).

42

The Court has an obligation to search the entire record of the matter before it determines whether to grant summary judgment. Fed.R.Civ.P. 56(c). When, as here, the issue to be determined is the dischargeability of a judgment debt, the Bankruptcy Court also may look behind the judgment and examine the circumstances that gave rise to the debt. *Matter of Pigge*, 539 F.2d 369 (4th Cir. 1976).

Here the uncontradicted deposition testimony of three former employees of Commonwealth shows that Fellows alone made all the decisions of the corporation and that he, in fact, improperly re-sold (i.e., double-sold) notes that had been purchased by Southern Federal. In addition, William R. Newfield, a vice president of Southern Federal, testified that Fellows in November 1978 admitted to double-selling notes in the presence of his own attorney and Newfield.

As noted earlier, in a motion for summary judgment, the nonmoving party's burden is light. He need respond only with "sufficient evidence supporting the claimed factual dispute ... to require a jury or judge to resolve the parties' differing versions ... at trial." *First National Bank of Arizona, supra*, 391 U.S. at 289, 88 S.Ct. at 1592. It is clear, however, that Rule 56(e) does require the debtor here to come forward with something beyond "mere allegations or denials". Fed.R.Civ.P. 56(e). This, the debtor has declined to do.

The strong evidence offered by Southern Federal in support of its motion for summary judgment is clear, cogent and convincing and, as indicated above, is not controverted by the defendant. Fellows has had more than ample opportunity to present factual evidence to refute Southern Federal's case. However, he has declined to do so on both occasions.

Accordingly, for the reasons set forth above, the Court grants the motion of Southern Federal for summary judgment and finds that the District Court judgment granted the plaintiff, Southern Federal, against Fellows is not dischargeable in bankruptcy, pursuant to Section 523 of the Bankruptcy Reform Act of 1978.

An appropriate Order will enter.