In re Richard Marshall
**TAYLOR, Jr., Debtor.**

**Austin BROCKENBROUGH, III, and Jane B. Brockenbrough, Plaintiffs,**

v.

**Richard Marshall TAYLOR, Jr., Defendant.**

**Bankruptcy No. 83–01344–A. Adv. No. 84–0087–A.**

United States Bankruptcy Court, E.D. Virginia, Alexandria Division.

Oct. 31, 1985.

---

Diana M. Perkinson, Perkinson & Perkinson, Roanoke, Va., for debtor.

Benjamin C. Ackerly, Dennis T. Lewandowski, Hunton & Williams, Richmond, Va., for plaintiffs.

## MEMORANDUM OPINION

MARTIN V.B. BOSTETTER, Jr., Bankruptcy Judge.

On May 11, 1983, Austin Brockenbrough, III and Jane B. Brockenbrough ("the Brockenbroughs") filed a motion for judgment against Richard M. Taylor, Jr. ("debtor") in the Circuit Court for the County of Albemarle, Virginia, alleging breach of contract and breach of a settlement agreement. The Brockenbroughs' dispute with debtor concerned a contract debtor allegedly made to repurchase certain thoroughbred horses he had sold to the Brockenbroughs on May 14, 1981 for $20,000.00. Debtor failed to defend this action. A default judgment for $22,500.00, costs, and interest from May 7, 1983 was entered against him on August 10, 1983. The Brockenbroughs garnished debtor's bank account on October 25, 1983, recovering $1,039.16.

On November 18, 1983, debtor filed a petition for relief under Chapter 7 of the Bankruptcy Reform Act of 1978 ("the Code"). The Brockenbroughs responded on February 13, 1984 with a complaint under sections 523(a)(2)(A), 523(a)(4), and 523(a)(6) of the Code seeking to have the default judgment debt declared nondischargeable. On July 2, 1984, debtor filed a motion for summary judgment. Debtor's motion alleges that since the Brockenb-

roughs obtained their default judgment by proceeding on a contract theory of recovery, the doctrines of election of remedies and res judicata preclude them from maintaining a tort-based action to determine the dischargeability of a debt.

Summary judgment motions are governed by Federal Rule of Civil Procedure 56, which provides that judgment "shall be rendered forthwith if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law." Fed.R.Civ.P. 56(c). The facts that debtor considers to be material are not contested. The parties stipulated in a proposed final pre-trial order that the Brockenbroughs obtained a money judgment against debtor in the Albemarle County, Virginia, Circuit Court on August 10, 1983 and that the Brockenbroughs collected $1,039.16 of the judgment by garnishing debtor's bank account in October 1983. Debtor recites these stipulations in his summary judgment motion; the Brockenbroughs do not dispute them. What is in dispute is the legal effect of the judgment and garnishment.

Debtor claims that the Brockenbroughs, having reduced their pre-petition claim to judgment and having executed on that judgment, cannot maintain an action under section 523(a) of the Code. By choosing to proceed to judgment in state court on a breach-of-contract theory, claims the debtor, the Brockenbroughs elected their remedy. Debtor styles the Brockenbroughs' complaint under section 523(a) as an action in tort estopped by election of remedies and barred by res judicata. The Brockenbroughs, on the other hand, deny the application of these doctrines and contend that

they should be allowed to proceed with their section 523(a) complaint and offer evidence of debtor's misconduct sufficient to deny him a discharge of the judgment debt. For the reasons discussed below, debtor's motion for summary judgment is denied.

1. Election of remedies does not estop the Brockenbroughs from maintaining an action under section 523(a).

■ Debtor contends that the equitable doctrine of election of remedies controls this proceeding. Clearly it does not. Debtor argues that since the Brockenbroughs successfully prosecuted their contract remedy against him in state court, they cannot now resort to a tort remedy under section 523(a) of the Code to determine the dischargeability of a debt in this Court. Debtor's argument, however, demonstrates a misunderstanding of the thrust of the election doctrine.

Election of remedies [1] prevents a plaintiff with one cause of action [2] from bringing more than one suit on that cause. *Sangster v. Commonwealth,* 58 Va. (17 Gratt.) 124, 132 (1866). When the Brockenbroughs decided to sue debtor in state court on the horse-repurchase contract, they had a single cause of action and two possible remedies. One remedy sounded in contract; the other, in tort. They elected to pursue their contract remedy, obtaining a default judgment thereon. The Brockenbroughs' complaint in this Court is not based on the same cause of action—the same set of facts—as their prior state-court suit. Rather, it is a separate and distinct cause of action: "One cause of action is on the debt and the other cause of action is on the dischargeability of that debt, a cause of action that arises solely by virtue of the Bankruptcy Code and its discharge provi-

---

**1.** "'[A] remedy is the means employed to enforce a right or redress an injury.'" *Colonna Shipyard, Inc. v. Bland,* 150 Va. 349, 355, 143 S.E. 729 (1928) (quoting *Chelentis v. Luckenbach Steamship Co.,* 247 U.S. 372, 384, 38 S.Ct. 501, 504, 62 L.Ed. 1171 (1918)).

**2.** "Cause of action" has been defined to mean "'the act or omission constituting the violation

of duty complained of.'" *Seymour v. Richardson,* 194 Va. 709, 713, 75 S.E.2d 77 (1953) (quoting *State v. Jarrett,* 90 W.Va. 180, 110 S.E. 568, 569 (1922)). *See also Gary Steel Products Corp. v. Kitchin,* 197 Va. 471, 475, 90 S.E.2d 120 (1955) (cause of action accrues when complainant becomes entitled to bring suit to enforce his legal rights).

sions." 3 *Collier on Bankruptcy* ¶ 523.11, at 523–75 n. 9 (15th ed. 1985). Until debtor filed his petition for relief under Chapter 7 of the Code, the Brockenbroughs necessarily had no cause of action under section 523(a).

■ The doctrine of election of remedies is a corollary of the rule that "there can be but one satisfaction for one cause of action." *Pollard & Bagby, Inc. v. Thalhimer, Inc.*, 169 Va. 529, 535, 194 S.E. 701 (1938). A complaint to determine the dischargeability of a judgment debt in a bankruptcy proceeding is not a suit to obtain a second satisfaction of a pre-bankruptcy cause of action. Furthermore, debtor is not being harrassed by a second suit "when one would [have] answer[ed] all the purposes of justice." *Sangster, supra,* 58 Va. at 132–33. At no time before the initiation of bankruptcy proceedings did the Brockenbroughs have the ability or the need to elect the "remedy" provided by section 523(a) of the Code.

2. Res judicata does not bar the Brockenbroughs from maintaining an action under section 523(a).

■ Once there has been a final judgment on the merits of a cause of action, res judicata bars the relitigation of any issues in a subsequent suit that were or could have been litigated in the first suit. *Brown v. Felsen*, 442 U.S. 127, 131, 99 S.Ct. 2205, 2209, 60 L.Ed.2d 767 (1979). If applicable to the case at hand, res judicata would foreclose judicial inquiry into the circumstances surrounding the debt owed to the Brockenbroughs. For the purposes

of res judicata, the default judgment obtained in the Circuit Court of Albemarle County, Virginia is a final judgment on the merits of the Brockenbroughs' cause of action on the debt. *See Kapp v. Naturelle, Inc.*, 611 F.2d 703, 707 (8th Cir.1979); *In re Bloomer*, 32 B.R. 25, 26 (Bankr.W.D.Mich. 1983). Debtor's motion suggests that the Brockenbroughs cannot present evidence of misconduct to support a claim under section 523(a) of the Code because such misconduct could have been litigated in the state-court suit. Debtor asserts that the misconduct issues common to the debt claim and the dischargeability claim cannot be relitigated in the dischargeability action[3]. If debtor is correct, res judicata would bar the introduction of evidence in this Court even though the state-court judgment was by default and grounded in contract, not tort.

An argument similar to the one debtor suggests was rejected, however, by the Supreme Court in *Brown v. Felsen, supra,* 442 U.S. 127, 99 S.Ct. 2205. In that case, Brown, guarantor of an overdue bank loan of Felsen's, obtained a consent judgment in state court against Felsen as part of a settlement with the bank regarding the loan. 442 U.S. at 128, 99 S.Ct. at 2207. Subsequently, Felsen filed a voluntary petition in bankruptcy. *Id.* at 128, 99 S.Ct. at 2207. In the trial before the Bankruptcy Court, Brown attempted to prove that Felsen's debt to him was nondischargeable because of Felsen's fraud, deceit, and malicious conversion under sections 17(a)(2) and 17(a)(4) of the Bankruptcy Act of 1898. *Id.* at 129, 99 S.Ct. at 2208. Felsen moved for summary judgment, claiming that the

---

**3.** Debtor's summary judgment motion does not present a collateral estoppel issue for determination by this Court. Collateral estoppel, or "issue preclusion," forecloses relitigation of only those issues that were expressly decided in and necessary to the determination of a prior suit. *Brown v. Felsen*, 442 U.S. 127, 139 n. 10, 99 S.Ct. 2205, 2213 n. 10, 60 L.Ed.2d 767 (1979). Res judicata, on the other hand, precludes relitigation of any issue that might have been litigated in the prior suit, whether it was actually litigated or not. *Id.* Collateral estoppel does not apply to the instant proceeding because the dischargeability issues—fraud, false pretenses,

willful and malicious injury—were neither decided by the Albemarle County Circuit Court nor necessary to that court's judgment.

The Supreme Court in *Brown v. Felsen, supra,* expressly declined to decide whether a Bankruptcy Court hearing a dischargeability claim should give collateral estoppel effect to a prior judgment. 442 U.S. at 139 n. 10, 99 S.Ct. at 2213 n. 10. For a recent discussion of this question, see *In re Byard*, 47 B.R. 700 (Bankr.M.D.Tenn. 1985) (giving collateral estoppel effect to a state-court default judgment against debtor in a dischargeability action).

state-court judgment had not resulted in a finding of fraud and that res judicata barred litigation of the issue of fraud. *Id.*

In rejecting Felsen's contention, the Court held that the Bankruptcy Court was not confined to a review of the judgment and record in the prior state proceeding. *Id.* at 138–39, 99 S.Ct. at 2212–13. Congressional intent implied by the broad language of Act led the Court to conclude that "all debts arising out of conduct specified in § 17 should be excepted from discharge and the mere fact that a conscientious creditor has previously reduced his claim to judgment should not bar further inquiry into the true nature of the debt." *Id.* at 138, 99 S.Ct. at 2212. Factual questions presented by Felsen's alleged fraud, deceit, and malicious conversion became squarely in issue for the first time in Bankruptcy Court. *Id.* These are the very types of questions Congress intended the Bankruptcy Court to hear and determine, the Court reasoned, and a strict application of res judicata would prevent the Bankruptcy Court from hearing the evidence necessary to their determination. *Id.* The Court concluded that "neither the interests served by res judicata, the process of orderly adjudication in state courts, nor the policies of the Bankruptcy Act would be well served by foreclosing [Brown] from submitting additional evidence to prove his case." *Id.* at 132, 99 S.Ct. at 2210.

The Supreme Court's decision in *Brown* followed the lead of the Fourth Circuit Court of Appeals in *In re Pigge*, 539 F.2d 369 (4th Cir.1976). In *Pigge*, the debtor, prior to filing his voluntary petition in this Bankruptcy Court, was sued in state court on a loan. *Id.* at 370. The complaint in that action stated separate counts in contract and fraud. *Id.* Fixing the amount of the debt at $20,190.00, the state court entered judgment against Pigge on the contract count alone. *Id.* After Pigge filed his voluntary petition in bankruptcy, the judgment creditor objected to discharge under section 17(a)(2) of the Act—obtaining money "by false pretenses or false representations." *Id.* This Court dismissed the objection on two grounds, the insufficiency

of the evidence of fraud and the res judicata effect of the previous judgment. *Id.* at 370–71. The District Court affirmed. *Id.* at 371. The crucial issue before the Fourth Circuit on appeal was whether res judicata in fact prevented this Court from going behind the state court's record to investigate the facts of the loan transaction. *Id.* at 371. The Circuit Court ruled in favor of admitting extrinsic evidence, reasoning as follows:

> Section 17(a)(2) of the Bankruptcy Act declares that the exclusive jurisdiction to determine whether a debt is dischargeable is vested in the Bankruptcy Court. And when that debt has been previously reduced to judgment in a state court, the Bankruptcy Court, in the exercise of its exclusive jurisdiction to determine dischargeability of the debt may, contrary to· the position of the bankrupt, look behind the judgment itself at the nature of the debt for which judgment was entered. In so doing, it is not confined to the record in the court in which the judgment was entered; it may, when necessary to ascertain the nature of the debt on which the judgment was entered, admit and consider ·extrinsic evidence.

*Id.* The case was reversed and remanded for an evidentiary hearing on the nature of the disputed debt. *Id.* at 373.

 Clearly, then, on a motion for summary judgment in an action to determine the dischargeability of a judgment debt, a Bankruptcy Court may re-examine the facts giving rise to the debt. *In re Fellows*, 22 B.R. 40, 42 (Bankr.E.D.Va. 1982). In fact, the Bankruptcy Court has a duty to do so. *In re Carneal*, 33 B.R. 922, 925 (Bankr.E.D.Va.1983). After inspecting the pleadings and deposition on file in the case *sub judice*, this Court concludes that summary judgment would not be proper. The facts surrounding the negotiation and performance of the alleged contract and settlement agreement between debtor and the Brockenbroughs have never been litigated. These facts are material to the Brockenbroughs' action and, as shown by the deposition taken in this case during

**520**

discovery, are genuinely in issue, which requires a trial on the merits.

An appropriate Order will enter.