**In the Matter of Charles BROWN, Debtor.**

**Charles BROWN, Plaintiff,**

**v.**

**Ralph G. SACHS, Defendant.**

**Bankruptcy No. 84–00170–G.**

**Adv. No. 85–1190.**

United States Bankruptcy Court, E.D. Michigan, S.D.

Jan. 24, 1986.

Peter A. Nathan, Michael H. Traison, Hertzberg, Jacob & Weingarten, P.C., Detroit, Mich., for debtor.

Louis P. Rochkind, Jaffe, Snider, Raitt & Heuer, Detroit, Mich., Philip A. Jaffe, Brukoff, Beras & Stewart, P.C., Southfield, Mich., for defendant.

## MEMORANDUM AND ORDER DENYING DEFENDANT'S MOTION FOR SUMMARY JUDGMENT

RAY REYNOLDS GRAVES, Bankruptcy Judge.

Debtor is an attorney whose practice includes litigation in the area of personal injury. In 1974, Debtor allegedly engaged the services of Defendant Sachs to assist him as an expert on medical matters in an ongoing case. Defendant took as payment seven percent (7%) of any legal fees realized by Debtor. Subsequently, the case ended and the legal fees were collected, but Sachs was allegedly never paid.

On April 25, 1978, Defendant sued Debtor in Wayne County Circuit Court for approximately $15,000 pursuant to their agreement on 1974. More than five years later on December 1, 1983, the action was dismissed in Circuit Court for no progress.

On January 19, 1984, Debtor filed a voluntary petition under Chapter 7 of the Bankruptcy Code. The debt to Sachs was not listed on Debtor's original schedule of assets and liabilities. On April 25, 1984, Debtor received his discharge in Bankruptcy under 11 U.S.C. § 727.

A year later on April 15, 1985, an order setting aside the dismissal of the Circuit Court action was entered in Wayne County Circuit Court.

Subsequently, in August of 1985, the Debtor's bankruptcy was revealed in the state court case. The case was adjourned to consider the matter. On October 2, 1985, Defendant Sachs argued that the trial should proceed because the Debtor had not listed the debt that was the subject matter of the pending case on his schedules in bankruptcy. The state court then on October 3, 1985 entered judgment in favor of Defendant for $9,996.00.

On October 24, 1985, Debtor filed a petition in this Court to amend his schedules in order to add the debt to Sachs pursuant to Rule 1009. Debtor also sought injunctive relief to stay the Circuit Court action. This Court then issued a temporary restraining order.

The matter is currently before this Court upon Defendant Sach's motion for summary judgment.

The questions presented to this Court are:

(1) Which court may properly decide the issue of the dischargeability of the alleged debt?

(2) Whether it is in the interest of justice to abstain in the case at bar?

(3) Should the Debtor be allowed to amend his schedules?

(4) Whether Defendant is prejudiced by the proceeding in this Court, and if so, should this Court bar the Debtor from amending his schedules?

(5) Does *res judicata* or collateral estoppel bar litigation of the issues in this case?

The issues arise principally from the Debtor's failure to list the debt on his schedules originally and the state court proceeding that concerns the contract upon which the debt is based. Each issue will be discussed in its appropriate order.

### Jurisdiction Over the Issue in the Case at Bar is Properly With the United States Bankruptcy Court

■ The subject matter of bankruptcies is the relation between an insolvent and his creditors extending to his and their relief. *Wright v. Union Central Life Ins. Co.*, 304 U.S. 502, 58 S.Ct. 1025, 82 L.Ed. 1490 (1938), rehearing denied 305 U.S. 668, 59 S.Ct. 56, 83 L.Ed. 434. The authority to estabish a uniform system of bankruptcy rests with Congress, and is derived from the United States Constitution.[1] This authority is codified in the Bankruptcy Code.[2] The district courts have original and exclusive jurisdiction of cases arising under Title 11. See, 28 U.S.C. § 1334(a). The central issue in the case at bar is the dischargeability of an alleged debt arising under a contract.

In the case of *In re: Comer*, 723 F.2d 737 (1984), the Ninth Circuit Court of Appeals discussed the question of jurisdiction over the issue of dischargeability. In that case, the defendant sought to bar the bankruptcy court from deciding the issue of dischargeability based on a prior state court judgment and the applicable theories of former adjudication. The bankruptcy court held that it, and not the state court, had the authority to rule on the issue of dischargeability. On appeal, the Ninth Circuit Court affirmed. In its decision, the court noted that the bankruptcy court has exclusive jurisdiction over dischargeability issues:

> The main concern of both the Supreme Court in *Brown* and of this court in *Houtman* was to preserve the exclusive jurisdiction of the bankruptcy court to determine dischargeability. *Res judicata* should not be applied to bar a claim by a party in bankruptcy proceedings, nor should a bankruptcy judge rely solely on state court judgments when determining the nature of a debt for purposes of dischargeability, if doing so would prohibit the bankruptcy court from exercising its exclusive jurisdiction to determine dischargeability. In the present case, applying *res judicata* to bar the bankruptcy court from looking behind the default judgment to determine the actual amount of the obligation would not preclude the exercise of the bankruptcy court's exclusive jurisdiction to determine the nature of the subject debt for purposes of dischargeability.

*Comer*, 723 F.2d at 740; Cf. *Brown v. Felsen*, 442 U.S. 127, 99 S.Ct. 2205, 60 L.Ed.2d 767 (1979); and *In re: Houtman*, 568 F.2d 651 (9th Cir.1978).[3] The grant of federal jurisdiction to the bankruptcy court on the traditional bankruptcy matters contained in Title 11 is paramount to that of the state courts.[4] The instant case is prop-

---

**1.** The United States Constitution, Article I, § 8 Clause 4 states "[t]he Congress shall have power ... to establish uniform laws on the subject of bankruptcies throughout the United States." See also, *In re: Bonwit, Lennon & Co.*, 36 F.Supp. 97 (D.C.Md.1940); *In re: Wildman*, 30 B.R. 133 (Bkrtcy.Ill.1983); *Hellman Lumber Co., Inc. v. Landrum*, 639 S.W.2d 379 (Ky.App.1982).

**2.** 11 U.S.C. § 101 et seq.

**3.** All to often bankruptcy courts have had to begin the disposition of a case with an explanation of the legitimacy of their jurisdiction. This is due in no small part to confusion on the

issue. See *Northern Pipeline Construction Company v. Marathon Pipeline Company*, 458 U.S. 50, 102 S.Ct. 2858, 73 L.Ed.2d 598 (1982); *In re DeLorean*, 49 B.R. 900 (Bkrtcy.E.D.Mich.1985); 28 U.S.C. §§ 1334 and 157; and Countrymen, *Scrambling to Define Bankruptcy Jurisdiction: The Chief Justice, The Judicial Conference, and the Legislative Process*, 22 Harv.J. on Legis. 1 (1985).

**4.** That the state court has no authority to determine the dischargeability of the debt that may have resulted from the trial is well settled. The Wayne County Circuit Court's grant of jurisdiction is codified in M.C.L. Const. Art. 6 § 1. The

erly in the United States Bankruptcy Court.

### It Would Be Improper for the Court to Abstain from Decision

■ Defendant prompts this Court to invoke the doctrine of discretionary absention in the instant case pursuant to 28 U.S.C. 1334(c)(1).[5] Specifically, we are asked to employ the abstention rule enunciated in *Buford v. Sun Oil Co.*, 319 U.S. 315, 63 S.Ct. 1098, 87 L.Ed. 1424 (1943). *Buford* abstention is applied when the "exercise of federal review of the question in [the] case and in similar cases would be disruptive of state efforts to establish a coherent policy with respect to a matter of substantive public concern." See *Ada-Cascade Watch Co. v. Cascade Resources Recovery Inc.*, 720 F.2d 897 (6th Cir.1983) at 903.[6] As stated above, the dischargeability of the debt is not within the jurisdiction of the state court. The Wayne County Circuit Court is limited to a determination of whether there was actually a debt owed. The bankruptcy court's adjudication of an issue that falls within its congressional grant of jurisdiction is not disruptive of state policy on that question, as the issue

itself is of a federal concern.[7] Federal adjudication of the instant case does not infringe upon any state policy. The state has no overriding interest in a matter of traditional federal concern.[8]

### The Debtor May Amend His Schedules in the Interest of Justice

■ A debtor's right to amend his schedule is covered by Rule 1009 which reads in pertinent part:

A voluntary petition, list, schedule, statement of financial affairs, statement of executory contracts, or Chapter 13 statement may be amended by the Debtor as a matter of course at any time before the case is closed. The Debtor shall give notice of the amendment to the trustee and to any entity affected thereby.

The case at bar is open, and in such cases a debtor is freely allowed to amend his schedules.[9] *Shirley v. Leake*, 715 F.2d 859 (4th Cir.1982). If, however, a debtor has acted in bad faith or concealed property, a court may refuse to allow an amendment. *Lucius v. McLemore*, 741 F.2d 125 (6th Cir. 1984); See also, *In re: Doan*, 672 F.2d 831 (11th Cir.1982) at 833. Defendant has not shown any evidence of bad faith on the

---

jurisdictional grant of the bankruptcy court is given by Congress pursuant to the United States Constitution Article I Section 8 Clause 4 and in codified in 28 U.S.C. § 1334 and 157. Since Congress has spoken on the matter of the dischargeability of debts in debtor/creditor relationships, the grant of jurisdiction to this court is paramount to that of the state court. See U.S. Const. Art. 6 Cl. 2.

5. 28 U.S.C. § 1334(c)(1) reads in full:
    "(c)(1) Nothing in this section prevents a district court in the interest of justice, or in the interest of conformity with state courts or respect for State law, from abstaining from hearing a particular proceeding arising under title 11 or arising in or related to a case under title 11.

6. This Court discussed the three basic types of abstention for 28 U.S.C. §§ 1334(c)(1) and (2) in *DeLorean Motor Co.*, 49 B.R. 900 (Bkrtcy.E.D. Mich.1985) 909–911.

7. See Notes 1 and 5 *supra.*

8. There must be an overriding state concern in the issue of a suit to make *Buford* abstention applicable. *DeLorean*, 49 B.R. at 910.

9. Defendant opposes amendment and claims nondischargeability pursuant to § 523(a)(3). This section reads in full:
    "(a) A discharge under 727, 1141 or 1328(b) of this title does not discharge an individual debtor from any debt—
    (3) neither listed nor scheduled under section 521(1) of this title, with the name, if known to the debtor, of the creditor to whom such debt is owed, in time to permit—
    (A) if such debt is not of a kind specified in paragraph (2), (4), or (6) of this subsection, timely filing of a proof of claim, unless such creditor had notice or actual knowledge of the case in time for such timely filing; or
    (B) if such debt is of a kind specified in paragraph (2), (4), or (6) of this subsection, timely filing of a proof of claim and timely request for a determination of dischargeability of such debt under one of such paragraphs, unless such creditor had notice or actual knowledge of the case in time for such timely filing and request;"

part of the Debtor. A mere allegation of bad faith is not sufficient.

■ Courts generally employ the "permissive approach" to amendment in open cases. *In re: Gershenbaum*, 598 F.2d 779 (3rd Cir.1979); *In re Andermahr*, 30 B.R. 532 (9th Cir.1983). Therefore, we hold that to establish a bad faith exception to the rule given in *Lucius v. McLemore, supra,* that one must do so by clear and convincing evidence. This standard will allow the party alleging bad faith an opportunity to prove his claim, but also to protect the debtor and the court's policy under rule 1009.[10] Correspondingly, defendant Sachs should be allowed additional time beyond the sixty days given in Rule 4007(c) pursuant to Rule 9006(b)(1) to file his Section 523(c) complaint alleging exception from discharge.

■ Defendant also claims prejudice to his rights and cites this as a reason to deny amendment. Prejudice to a creditor's rights is a sufficient reason to disallow an amendment under Rule 1009. See, *Doan, supra.* In the instant case the prejudice to the debtor would outweigh that to defendant if we did not allow amendment. The state court had no jurisdiction to decide the issue of dischargeability. The parties are now in the proper forum to resolve that question. If an amendment were disallowed, then debtor would lose the benefit of this Court's protection under the Code. On the other hand, if we allow the amendment, Defendant must litigate the issue of dischargeability in the proper forum.

However, the relitigation of the dischargeability issue in the proper court does not prejudice Defendant as much as disallowing amendment would prejudice the Debtor. Defendant's right as a creditor, moreover, will be protected by this Court when the claim is presented. We hold that under Rule 1009 when an amendment is sought in an open case and prejudice is alleged, that if the prejudice to the Debtor outweighs that to the Creditor Defendant then an amendment should be allowed.[11]

### Former Adjudication Does Not Bar Decision of the Case at Bar

■ Under the theory of *res judicata* a final judgment on the merits of an action precludes the parties or their privies from relitigating issues that were, or could have been raised in that action. Collateral estoppel precludes parties from relitigating the same issues on a different cause of action between the same parties. *Kremer v. Chemical Construction Corp.*, 456 U.S. 461, 102 S.Ct. 1883, 72 L.Ed.2d 262 (1982); reh. den., 458 U.S. 1133, 103 S.Ct. 20, 73 L.Ed.2d 1405. See generally, Wright, Miller & Cooper, *Federal Practice and Procedure:* Jurisdiction § 4401 et. seq.[12]

■ Defendant argues that the state court proceeding has determined the issue of dischargeability and this Court is thus precluded from subsequent adjudication. As previously stated, the state court had no authority to decide that issue. However, this Court is precluded from de-

---

**10.** We find no authority setting a standard for the determination of bad faith in such cases. Therefore, we take this opportunity to do so. The intermediate standard of clear and convincing evidence insures the protection of creditor's rights and the court's policy of "permissive amendment" pursuant to Rule 1009.

**11.** This rule is necessary of course to insure justice and fairness. The *Doan* court stated that prejudice was a ground upon which a court could disallow an amendment under Rule 110, the predecessor to Rule 1009. The Court, however, could not have meant that merely showing prejudice automatically triggers a disallowment of amendment. The effect upon both parties must be considered and an appropriate decision made.

**12.** Some confusion still exists as to the proper terminology employed under the theory of former adjudication. *"Res judicata"* is often cited as a general title for the barring of subsequent adjudications. However, courts and scholars agree that properly *res judicata* means preclusion of a subsequent claim and collateral estoppel stands for the preclusion of relitigation of previously decided issues between the same parties. See, *Unger v. Consolidated Foods Corp.,* 693 F.2d 703 (7th Cir.1982), cert. den. 460 U.S. 1102, 103 S.Ct. 1801, 76 L.Ed.2d 366; *Miller v. Hartwood Apts. Ltd.,* 689 F.2d 1239 (5th Cir. 1982); and Wright, Miller & Cooper, *Federal Practice and Procedure:* Jurisdiction § 4402.

termining the amount of the debt. *Res judicata* bars relitigation of the judgment of the state court as to the amount of the debt, even though the dischargeability of the debt itself can only be decided in the bankruptcy court. In *Comer, supra,* the defendant sought to redetermine the amount of his obligation in the bankruptcy court after a state court had decided on the amount. The bankruptcy judge refused to redetermine the award. The appeals court affirmed stating:

> Bankruptcy courts recognize and apply the basic principles of *res judicata* in determining the effect to be given in bankruptcy proceedings to judgments rendered in other forums.
>
> \*   \*   \*   \*   \*   \*
>
> ... The bankruptcy judge properly refused to admit Richard's evidence attacking the extent of his obligation to Elaine because it was irrelevant to his determination of dischargeability, and because *res judicata* barred the bankruptcy court from looking behind the default judgment to determine the actual amount of the obligation.

*Comer,* 723 F.2d at 739–740 (citations omitted). In the case at bar, the same logic applies. When a state court has determined the amount of a debt, a bankruptcy court may adjudicate the issue of dischargeability even if the state court has purported to render a decision on that question. Collateral estoppel, however, would bar subsequent adjudication of the amount of the obligation.

It is also important to note that the issue of embezzlement has not been litigated. The state adjudication was for breach of contract. Defendant now alleges embezzlement pursuant to the same action, and asserts a claim under § 523(a)(4).

Contrary to Debtor's contention, the claim for exception to discharge is not barred by *res judicata.* In the case of *In re: Taylor,* 54 B.R. 515 (Bkrtcy.E.D.Va.) a default judgment in a contract action was entered against several creditors of the plaintiff. Subsequently, in a Chapter 7 proceeding the creditors sought to have the judgment excepted from discharge pursu-

ant to § 523(a)(4) alleging false pretenses. Debtor filed a summary judgment motion alleging that the bankruptcy court was barred by *res judicata* from hearing the suit. The court held that neither *res judicata* nor collateral estoppel will bar a bankruptcy court from a re-examination of the facts giving rise to the debt in an action to determine dischargeability. *Taylor,* 54 B.R. at 518–519. On this matter, the *Taylor* court stated further:

> These are the very types of questions Congress intended the Bankruptcy Court to hear and determine, the Court reasoned, and a strict application of res judicata would prevent the bankruptcy court from hearing the evidence necessary to their determination. The Court concluded that "neither the interests served by res judicata, the process of orderly adjudication in state courts, nor the policies of the Bankruptcy Act would be well served by foreclosing [Brown] from submitting additional evidence to prove his case."
>
> \*   \*   \*   \*   \*   \*
>
> [T]he exclusive jurisdiction to determine whether a debt is dischargeable is vested in the Bankruptcy Court. And when that debt has been previously reduced to judgment in a state court, the Bankruptcy Court, in the exercise of its exclusive jurisdiction to determine dischargeability of the debt may, contrary to the position of the bankrupt, look behind the judgment itself at the nature of the debt for which judgment was entered. In so doing, it is not confined to the record in the court in which the judgment was entered; it may, when necessary to ascertain the nature of the debt on which the judgment was entered, admit and consider extrinsic evidence.

*Id.* at 519, citing *Brown v. Felsen* 442 U.S. at 132, 99 S.Ct. at 2210 (citations omitted). In the instant case, the state court ruled on the breach of contract action. That does not, however, bar this Court's authority to determine the dischargeability of the debt under § 523(a)(4), even though the debt

itself was created by the state court's judgment.[13]

### CONCLUSION

A review of the record indicates that summary judgment would be improper. The amount of the debt is certain, but whether it is excepted from discharge under 11 U.S.C. § 523 is not.

For the reasons stated, it is ORDERED that Defendant's Motion for Summary Judgment is DENIED.

IT IS FURTHER ORDERED that Debtor be allowed 30 days to amend his schedules to include the debt owed to Defendant; and that Defendant be allowed 60 days after the amendment is filed to file a complaint requesting exception from discharge.

IT IS SO ORDERED.

---

**13.** This result is unavoidable. The state court lackd authority to determine dischargeability. Since that power is with this court, barring the dischargeability action pursuant to § 523(a)(4) would be inconsistent with this Court's exclusive jurisdiction of the matter. See *In re: Comer,* 723 F.2d 737 and Notes 1 and 5, *supra.*