**In re Patricia A. FISCHER a/k/a Patricia A. Hall, Debtor.**

**Bankruptcy No. 90–7653–8P7.**

United States Bankruptcy Court, M.D. Florida, Tampa Division.

June 25, 1991.

Jay D. Passer, Tampa, Fla., for debtor.

## ORDER ON MOTION TO AVOID LIEN

ALEXANDER L. PASKAY, Chief Judge.

THIS IS a Chapter 7 case and the matter under consideration is the Motion of Patricia A. Fischer a/k/a Patricia A. Hall (Debtor) to Avoid Judicial Lien of Elward Hall (Hall), the Debtor's former husband. The Court has considered the Motion, together with the record and argument of counsel, and finds the relevant facts which are without dispute are as follows.

The marriage of Debtor and Hall was dissolved by a Final Judgment of Dissolution of Marriage by the Circuit Court of Pinellas County, Florida, Civil Division, on April 17, 1990. The Final Judgment of Dissolution of Marriage provided that the Debtor was to receive the former marital home, and Hall was to execute a quit claim deed to the home. However, because Hall had advanced monies to prevent foreclosure on the marital property just prior to the entry of the Final Judgment of Dissolution of Marriage, the Court granted him a lien in the amount of $3,181.70 on the former marital property which was awarded to the Debtor.

In August, 1990, the Debtor filed her Petition for Relief under Chapter 7 of the Bankruptcy Code. Shortly thereafter, the Debtor filed her Motion currently under consideration in which she seeks to avoid the judicial lien of Hall on the former marital property. The Motion of the Debtor is based on § 522(f)(1) of the Bankruptcy Code which provides as follows:

§ 522 Exemptions.

(f) Notwithstanding any waiver of exemptions, the debtor may avoid the fixing of a lien on an interest of the debtor in property to the extent that such lien impairs an exemption to which the debtor would have been entitled under subsection (b) of this section, if such lien is—

(1) a judicial lien;

This Section permits the Debtor to avoid the fixing of a judicial lien to the extent that it impairs an exemption to which the Debtor is entitled. The Debtor has claimed her interest in the former marital home as exempt based on § 522(b)(1) of the Bankruptcy Code, which permits debtors in Florida to claim their homestead as exempt pursuant to Article X, Section 4 of the Florida Constitution.

It is undisputed that the property on which the Debtor seeks to avoid the lien awarded to Hall is homestead property which was claimed and allowed as exempt in the Debtor's Chapter 7 case. Thus, the proper inquiry is whether the lien of Hall is, in fact, a type of judicial lien which can be avoided pursuant to § 522(f)(1).

Section 101(32) of the Bankruptcy Code defines judicial lien as a lien "obtained by judgment, levy, sequestration, or other legal or equitable process or proceeding." 11 U.S.C. § 101(32). A judicial lien has also been defined as "an interest which encumbers specific piece of property granted to a judgment creditor who was previously free to attach any property of the debtor's to satisfy his interest but who did not have an interest in a specific piece of property before occurrence of some judicial action." *In re Boyd,* 31 B.R. 591, 594 (D.Minn.1983). At first blush, it might appear that Hall's lien, which was obtained through a judicial order, is a judicial lien within the scope of § 101(32) and thus voidable under § 522(f)(1). However, a closer examination leads to the conclusion that Hall has merely an equitable lien which was recognized and imposed by the Final Judgment which dissolved the marriage of the parties. As noted by the Supreme Court in *Farry v. Sanderfoot,* — U.S. ——, 111 S.Ct. 1825, 114 L.Ed.2d 337 (1991), the legislative history of § 522(f)(1) suggests that it was intended to thwart creditors who sensed an impending bankruptcy and rushed to Court to get a judgment with which they could defeat the Debtor's exemptions. This is, of course, far different than what occurs in a divorce proceeding.

Hall's lien was not obtained through a judicial proceeding. Rather the Final Judgment of Dissolution of Marriage recognized that because Hall had contributed funds to prevent the foreclosure of the former marital home, he was entitled to a lien on the home. The Final Judgment of Dissolution

of Marriage provided in part that "... Elward Hall, is hereby recognized to have paid or advanced certain monies to make first and second mortgage payments in order to prevent foreclosure on the property described above during recent months. The Court determines, therefore, that said Additional Party Defendant is entitled to be repaid those sums and to have security for the repayment thereof pursuant to the terms set forth herein. Accordingly, Elward Hall is hereby granted a lien against the real property described above in the principal sum of $3,181.70 representing the total of payments made by him to Barnett Bank and to Old Stone Credit from August, 1989 through March, 1990, per composite exhibit ..."

The Final Judgment of Dissolution of Marriage did not impose Hall's lien on the former marital home; rather, it simply recognized the Hall's equitable lien which already existed. See *In re Boyd,* 31 B.R. 591 (D.C.Minn.1983) (lien not necessarily judicial lien as contemplated by § 522(f)(1) merely because it was imposed in judicial proceeding.) See also, *In re Davis,* 96 B.R. 1021 (Bankr.M.D.Fla.1989) (vendor's lien recognized in final judgment does not constitute lien imposed by judicial process.) In sum, Hall's lien is not a judicial lien within the meaning of § 102(32) of the Bankruptcy Code. Thus, this Court is satisfied that the lien of Hall on the Debtor's homestead is a not subject to avoidance by § 522(f)(1) of the Bankruptcy Code.

Accordingly, it is

ORDERED, ADJUDGED AND DECREED that the Motion to Avoid the Lien of Elward Hall be, and the same is hereby, denied. is

DONE AND ORDERED.