In re John Welton DONOVAN, Lorraine Wood Donovan, f/k/a Lorraine Wood, Debtors.

Bankruptcy No. 91–23088–BKC–SMW.

United States Bankruptcy Court, S.D. Florida.

Feb. 28, 1992.

---

**548**

Howard Hochsztein, Lauderhill, Fla., for debtors.

Jeffrey Solomon, Hollywood, Fla., for Creditor.

## ORDER DENYING DEBTOR'S MOTION TO AVOID JUDICIAL LIEN

SIDNEY M. WEAVER, Chief Judge.

THIS CAUSE having come before the Court upon the debtors' Motion to Avoid Lien pursuant to 11 U.S.C. § 522(f) and the Court having heard the testimony, examined the memoranda presented, considered the arguments of counsel, and being otherwise fully advised in the premises, does hereby make the following Findings of Fact and Conclusions of Law:

Jurisdiction is vested in this Court pursuant to 28 U.S.C. § 1334(b) and § 157(a, b) and the district court's general order of reference. This is a core proceeding in which this Court is authorized to hear and determine all matters relating to this case in accordance with 28 U.S.C. § 157(b)(2)(K).

Lorraine Wood Donovan (the "debtor") and her former husband were divorced pursuant to a Final Judgment of Divorce entered by the circuit court on January 31, 1984. The debtor's former husband was represented during the divorce proceedings by Jack Packer, P.A. (the "creditor"). In conjunction with the divorce proceeding, the circuit court directed that title to the former marital residence of the parties be vested in the name of the debtor and her former husband as tenants in common.

After the Final Judgment of Divorce was entered, proceedings continued in the circuit court in order to resolve the issues of child support, spousal support and property division. Sometime during these proceedings the creditor moved to withdraw as attorney for the debtor's former husband, and requested that the circuit court impose a charging lien on the former husband's interest in the former marital residence in order to secure the payment of his attorney's fees. The court granted the motion and entered a Stipulated Order Of Withdrawal And Charging Lien which granted the creditor a charging lien against the former husband's one-half (½) interest in the former marital property. The Stipulated Order of Withdrawal and Charging Lien was recorded in the Public Records of Broward County.

The final resolution of the support and property division litigation was achieved via a settlement entered into by the parties on July 10, 1986. Consistent with the terms of the Settlement Agreement, the debtor's former husband transferred his undivided one-half (½) interest in the marital home to the debtor by means of a quit claim deed. The quit claim deed transferred the former husband's interest in the property to the debtor in the following manner:

> "Said deed shall be as to respondent's [the debtor's former husband] one-half (½) interest and shall be subject only to the following liens:
>
> v. Charging lien in favor of Jack Packar, P.A. in the amount of SEVEN THOUSAND EIGHT HUNDRED AND SEVENTY–FIVE ($7,875) DOLLARS."

This Settlement Agreement was approved by the circuit court by Order Confirming Stipulation for Settlement and Determination of Priority of Payments dated November 3, 1986. On November 20, 1986, the debtor's former husband executed the Quit Claim Deed to the debtor. The deed provides that the "conveyance is subject to:

... a charging lien in favor of Jack Packar, P.A. in the amount of $7,875.00."

The debtor and John Welton Donovan filed their Chapter 7 petition on August 27, 1991. In Schedule C, the debtors claimed that their homestead property was exempt under "F.S.A. § 222.02." (Although Fla. Stat. § 222.02 does not provide for a homestead exemption, for the purposes of this order the Court will consider the claim of exemption as having been properly made pursuant to Fla. Const., Art. X, Sec. 4). In Schedule D, the debtors listed Jack Packar, P.A. as a creditor with a "charging lien on homestead" in the amount of $7,875.00.

The debtors filed a Motion to Avoid Lien pursuant to 11 U.S.C. § 522(f) seeking to avoid the creditor's charging lien on the debtors' homestead property claiming that the charging lien impairs their homestead exemption. The debtor, Lorraine Wood Donovan, claims that the property was exempt as homestead prior to her acquiring her former husband's interest. She further claims that when she acquired her former husband's interest in the property, the two interests merged and the lien then impaired her existing homestead exemption. The debtor claims, therefore, that the lien attached to her previously exempt property by virtue of the "merging" of the two interests and that she should be able to avoid the lien under § 522(f).

The creditor asserts that the debtor may not avoid his lien under § 522(f) because the lien attached prior to the debtor acquiring the entire interest in the property. In the alternative, the creditor claims that his charging lien is not a judicial lien thereby making § 522(f)(1) inapplicable in this instance.

Bankruptcy Code § 522(f) states in relevant part:

> (f) Notwithstanding any waiver of exemptions, the debtor may avoid the fixing of a lien on an interest of the debtor in property to the extent that such lien impairs an exemption to which the debtor would have been entitled under subsection (b) of this section, ...

11 U.S.C. § 522.

The purpose of § 522(f) is to provide the debtor with the full benefit and enjoyment of available exemptions in the administration of the bankruptcy case. *In re Goodwin*, 82 B.R. 616, 617 (Bankr.S.D.Fla.1988); *In re Hall*, 752 F.2d 582, 584 (11th Cir. 1985). With that purpose in mind, several courts have held that the mere existence of the judgment lien impairs a debtor's Florida constitutional homestead exemption and, therefore, that Section 522(f) is available to avoid the lien. *In re Calandriello*, 107 B.R. 374, 375 (Bankr.M.D.Fla.1989); *In re Bird*, No. 88–8184–Civ–Aronovitz, slip op. at 9 (S.D.Fla. May 5, 1989), *reversing*, 84 B.R. 858 (Bankr.S.D.Fla.1988).

The Supreme Court in *Farrey v. Sanderfoot*, —— U.S. ——, 111 S.Ct. 1825, 114 L.Ed.2d 337 (1991), however, held that if a lien "fixes", i.e. attaches, to a property interest before the debtor acquires an interest, the debtor cannot avoid the lien under § 522(f). In *Farrey*, the Court was not concerned with the mere existence of a judgment lien, but, rather, the Court focused the analysis on *when* the lien attached to the property by noting the temporal nature of the word "fixing" in § 522(f). Relying on the plain meaning of the word "fixing", the Court held that a lien which fixes on property before the debtor acquires an interest in the property, does not fix on the debtor's interest, and, therefore, cannot be avoided by the debtor under § 522(f). *Farrey*, —— U.S. at ——, 111 S.Ct. at 1830, 114 L.Ed.2d at 346.

The debtor in *Farrey* sought to avoid his former wife's judicial lien under § 522(f)(1) claiming that the lien impaired his homestead exemption. The debtor had been awarded sole title to his former marital residence by the divorce court in a judgment of divorce and property division. However, the decree awarded the debtor the former marital residence subject to a lien in favor of the debtor's former wife which secured the repayment of certain obligations imposed upon the debtor by the divorce court. The Supreme Court reasoned that the debtor could not avoid the lien of the former wife in that the debtor took the interest and the lien together as if he had purchased the property, already encumbered, from a third party. The Court concluded that since the debtor never possessed the new interest before the lien

"fixed", § 522(f)(1) was not available to avoid the lien. *id.* at ——, 111 S.Ct. at 1831, at 347.

In the case at bar, the creditor's lien fixed to property owned by the debtor's former husband on April 17, 1984. The debtor acquired the property owned by her *former spouse pursuant to the terms of the* Settlement Agreement. The Settlement Agreement states that the debtor acquired the interest subject to the creditor's lien. Since the creditor's lien fixed to the property before the debtor acquired her interest, the lien did not "fix" on the debtor's interest in the property. Therefore, the Court concludes that the debtor may not avoid the creditor's lien under § 522(f).

As the Court has already determined that § 522(f) is not applicable in this instance, the Court need not decide whether the creditor's charging lien is a "judicial lien" as defined in 11 U.S.C. § 101(36).

Based on the foregoing, it is hereby:

ORDERED AND ADJUDGED that the Debtor's Motion to Avoid Judicial Lien is denied.

DONE AND ORDERED.