### In re Mary E. O'CONNELL, a/k/a Mary E. Kessner, Mickey E. Kessner, Debtor.

### Bankruptcy No. 94–40386–7.

United States Bankruptcy Court, D. Montana.

June 1, 1994.

Susan J. Rebeck, P.C., Great Falls, MT, for debtor.

Bell & Marra, Great Falls, MT, secured creditors.

## ORDER

JOHN L. PETERSON, Bankruptcy Judge.

In this Chapter 7 case, the Debtor has filed a motion to avoid a lien of creditor Bell pursuant to 11 U.S.C. § 522(f). After response by the creditor, the matter was heard upon notice on May 25, 1994, with the Debtor appearing and testifying and represented by Debtor's counsel. Creditor Bell, an attorney, appeared on her behalf. At issue is whether Bell's claim for attorney's fees arising from representation of the Debtor in a pre-petition divorce action is voidable under § 522(f) as impairing the homestead exemption of the Debtor.

The facts on the issue before the Court are not in dispute.[1] Bell represented the Debtor in a marital dissolution action which culminated in final judgment on December 5, 1992, by Order of the Montana state district court, which, among other things, awarded the Debtor the family home acquired during the marriage. Bell concedes the Debtor claims a valid homestead exemption in the home filed pre-petition.[2]

The Debtor contends the lien asserted by Bell for unpaid legal services in the sum of $1,806.97 is a judicial lien subject to avoidance under § 522(f). Bell counters the attorney's lien filed November 10, 1992, in the office of Cascade County Clerk and Recorder under Mechanic Lien document 13987,[3] is a statutory lien arising from Section 37–61–420, and that the lien affixes by state law at the time of commencement of the divorce action, thereby making such lien unavoidable under the holding of *Farrey v. Sanderfoot,* 500 U.S. 291, 111 S.Ct. 1825, 114 L.Ed.2d 337 (1991). For the reasons set forth herein, I find the lien is not subject to avoidance under § 522(f).

Section 522(f) provides:

(f) Notwithstanding any waiver of exemptions, the debtor may avoid the fixing of a lien on an interest of the debtor in property to the extent that such lien impairs an exemption to which the debtor would have been entitled under subsection (b) of this section, if such lien is—

(1) a judicial lien;

Judicial lien is defined in 11 U.S.C. § 101(36) as a "lien obtained by judgment, levy, sequestration, or other legal or equitable process or proceeding." Subsection (37) states "lien means charge against or interest in property to secure payment of a debt or performance of an obligation". Subsection (53) states " 'statutory lien' means a lien arising solely by force of a statute on specified circumstances or conditions, or lien of distress for rent, whether or not statutory, but does not include security interest or judicial lien, whether or not such interest or lien is provided by or is dependent on a statute and whether or not such interest or lien is made fully effective by statute."

Montana has provided under § 37–61–420 as follows:

*Judgment Lien for Compensation.*[4] (1) The compensation of an attorney and coun-

---

1. While the Debtor contends Bell's representation in the divorce action resulted in an unfavorable result to the Debtor, I find such matter to be immaterial under the applicable attorney lien statute. Mont.Code Ann. Section 37–61–420. The relevant fact is that the Debtor received title to the family residence in the divorce decree and claims a valid homestead exemption in the home.

2. The Debtor introduced a homestead declaration filed by the former spouse for the benefit of the family on November 7, 1983. Bell's brief concedes the Debtor filed a homestead declara-

tion on December 15, 1993, and the bankruptcy petition was filed on March 16, 1994.

3. *Galbreath v. Armstrong,* 121 Mont. 387, 193 P.2d 630, 634 (1948) holds that under Section 37–61–420 there is no need to file a notice of lien, since the commencement of an action or the service of an answer containing a counterclaim is sufficient notice of the lien of the attorney. (Citing New York cases).

4. The title of this section does not lend any legal support that the lien is a Judgment lien by the use of the term "Judgment". Such term is a

sel for his services is governed by agreement, express or implied, which is not restrained by law.

(2) From the commencement of an action or the services of an answer containing a counterclaim, the attorney who appears for a party has a lien upon the client's cause of action or counterclaim which attaches to a verdict, report, decision or judgment in his client's favor and the proceeds thereof in whose hands they may come. Such lien cannot be affected by any settlement between the parties before or after judgment.

This Court in *In re Eisenstein,* 9 Mont.B.R. 499 (Bankr.Mont.1991) examined the history of Montana Supreme Court cases interpreting Section 37–61–420 beginning with *Coombe v. Knox,* 28 Mont. 202, 72 P. 641 (1903) through *Kelleher Law Offices v. State Comp. Ins. Fund,* 213 Mont. 412, 691 P.2d 823 (1984). Suffice to say those cases reveal that Section 37–61–420 is a codification of the common law attorney's charging lien which operates as an equitable lien against the client's cause of action, and attaches from the date of the action or counterclaim. The lien attaches to the results of the litigation, which in the present case is the real property awarded the Debtor by the divorce court. In the bankruptcy context, the case of *In re A. Tarricone, Inc.,* 76 B.R. 53, 55–56 (Bankr. S.D.N.Y.1987) discussed the attorney lien based on a New York statute which is the origin of Section 37–61–420.[5]

An attorney's charging lien is recognized under common law equitable principles as an attorney's right to have the fees and costs due the attorney for services in a suit secured out of the judgment or recovery in that suit. *See In re Ashley,* 41 B.R. 67 (Bankr.E.D.Mich.1984). There is a statutory basis in New York for the imposition of an attorney's charging lien, namely § 475 of the New York Judiciary Law, which provides in relevant part as follows:

From the commencement of an action or special proceeding ..., or the service of an answer containing a counterclaim, the attorney who appears for a party has a lien upon his client's cause of action, claim or counter-claim, which attaches to a verdict, report, decision, judgment or final order in his client's favor and the proceeds thereof in whatever hands they may come; and the lien can not be affected by any settlement between the parties before or after judgment, or final order. The court upon petition of the client or attorney must determine and enforce the lien.

N.Y. Judiciary Law § 475.

In *Matter of Heinsheimer,* 214 N.Y. 361, 367, 108 N.E. 636 (1915), Judge Cardozo (later Mr. Justice) observed that the lien arose not when the funds were produced but rather when the attorney commenced the action out of which the assets arose. The fact that bankruptcy may have intervened between the time when the attorney commenced the action and when the assets were received in satisfaction of the cause of action is not significant because the charging lien relates back to the initiation of the action. *In re PDQ Copy Center, Inc.,* 27 B.R. 123, 125 (Bankr.S.D.N.Y. 1983); *In re E.C. Ernst, Inc.,* 4 B.R. 317, 320 (Bankr.S.D.N.Y.1980). The attorney need not file or record a charging lien in order to perfect it; the lien takes effect from the time the services were commenced, and a trustee in a subsequent bankruptcy case involving the client takes the property of the estate subject to such lien. *In re PDQ Copy Center, Inc.,* 27 B.R. at 125.

The law is clear that the attorney's charging lien is based in Montana on a statutory right, much like a mechanic's lien. Avoidance under Section 522(f) must necessarily involve a question of federal law. For example, as held in *In re Koski,* 149 B.R. 170, 177 (Bankr.Idaho 1992), the legislative history of Section 101(53), supra, indicates that mechanic's liens were intended to be included in

---

codifier's prerogative, Mont.Code Ann. Section 1–11–103(5), and is not binding on the text of the statute. Indeed, the prior section, Section 93–2120, R.C.M.1947, used the term "Lien For Compensation". The statutory text remains unchanged.

**5.** Section 37–61–420 was adopted from Cal.Civ. Proc. Section 430 (1895), which was in turn adopted from the Field Code of New York.

the definition of statutory liens, since they arise under statute "solely under the specified conditions". Like a mechanic's lien, an attorney's lien arises out of the statute, which creates the lien, and even the enforcement of the lien by judgment does not change the character of the statutory lien. *Id. Graffen v. City of Philadelphia*, 984 F.2d 91, 96 (3rd Cir.1992), discussing city water liens, states:

> The Bankruptcy Code recognizes three types of liens: judicial, statutory and consensual. H.R.Rep. No. 95–595, 95th Cong., 1st Sess. 312 (1977) *reprinted in* 1978 U.S.C.C.A.N. 5787, 5963, 6299; *In re McLean*, 97 B.R. [789] at 792, n. 5 [Bankr. E.D.Pa. (1989)]. * * * But there was no legal process or proceeding in this case.
>
> \*   \*   \*   \*   \*   \*
>
> By contrast a statutory lien arises "solely by force of statute on specified circumstances or condition." 11 U.S.C. § 101(53). We are satisfied that the lien here arose "solely by force of statute" as "Pennsylvania state law authorizes the city of Philadelphia to impose liens against property benefitted by unpaid water and sewer service". *Ransom v. Marrazzo*, 848 F.2d 398, 404 (3rd Cir.1988).

I note in the case *sub judice* that the attorney's lien was not created in the divorce decree. Rather the lien was created by Bell invoking the provisions of Section 37–61–420. This special circumstance parallels the facts of *In re Sacco*, 99 B.R. 647 (Bankr.Pa.1989) where the court held that an attorney's charging lien is not a judicial lien.

> An attorney's charging lien arises by operation of law. As indicated in *Recht v. Urban Redevelopment Authority*, [402 Pa. 599, 168 A.2d 134], no affirmative action is required to establish an attorney's charging lien. Therefore, we agree with the conclusion of the bankruptcy court in *In re Sacerdote* [74 B.R. 487]; we hold that a properly constituted attorney's charging lien is a secured debt which may not be avoided pursuant to 11 U.S.C. § 522(f)(1).

*Sacco*, 99 B.R. at 651, 652.

The language of the holding in *Sacco* is strikingly similar in context to the Montana Supreme Court's interpretation and application of Section 37–61–420 as stated in *Baker v. Tullock*, 106 Mont. 375, 77 P.2d 1035, 1036 (1938):

> Section 8993 [37–61–420] is a remedial statute which should be construed in advancement of the remedy, and "so as to secure and protect, and not defeat the rights and objects intended by its provisions." (Citation omitted.) It is competent for the Legislature to provide for an attorney's lien on the client's cause of action even though the cause of action is "an intangible, incorporeal something," and "the lien which the statute fixes on the plaintiff's right of action follows the transition, without interruption, and simply attaches to that into which the right of action is merged. If a judicial recovery is obtained, the lien attaches to that; if a compromise agreement is made, the lien attaches to that; and in each case the attorney's interest is such that it cannot be defeated or satisfied by voluntary payment to his client without his [attorney's] consent. (Citations omitted.)"

Since Congress has specifically limited § 522(f)(1) to judicial liens, the statutory lien of Bell trumps the Debtor's motion to avoid Bell's attorney's lien. For the reasons explained above, I conclude Montana's attorney lien statute Section 37–61–420 creates a statutory lien as that term is defined in § 101(53) of the Bankruptcy Code which cannot be avoided under § 522(f)(1).

Under this holding, it is not necessary to address Bell's argument centered on *Farrey v. Sanderfoot*, except to note that I find that case inappropriate to the facts and law surrounding the issue before the Court.[6]

IT IS ORDERED Debtor's motion to void the statutory attorney's lien under 11 U.S.C. § 522(f)(1) is denied.

---

**6.** This matter is before the Court solely on the pending motion under § 522(f). This Court therefore does not decide any issue as to the validity or amount of the secured claim of Bell, nor the effect of the homestead exemption as to the priority of that claim.