**In re Rosa Beatrice WASHINGTON, Debtor.**

**Martha–Irene Weed, Appellant,**

v.

**Martha Beatrice Washington, Appellee.**

**No. 98–2142–CIV–T–24(C).**

United States District Court,
M.D. Florida,
Tampa Division.

Sept. 16, 1999.

X. Christina Ghionis, Law Office of Christina Ghionis, Tampa, FL, for Martha Irene Weed.

Michael R. Barnett, Michael Barnett, P.A., Gordon Livingston Kiester, Jr., Law Office of Gordon L. Kiester, Jr., Tampa, FL, for Rosa Beatrice Washington.

## ORDER

BUCKLEW, District Judge.

This cause comes before the Court on Appellant's appeal from the lower court's Order Granting Debtor's Second Amended Verified Motion to Avoid Lien (L.C.Doc. No. 44). Briefs have been filed by both parties. (Doc. Nos. 4 and 14). Also before the Court are pending motions by Appellee for an extension of time to file an answer brief (Doc. No. 6); Appellee's Motion to Dismiss Appeal (Doc. No. 8); Appellant's Motion to Stay Appeal (Doc. No. 7); and Appellee's Motion to Strike Appellant's Reply Brief (Doc. No. 18).

### I. Background

On December 9, 1993, Appellee entered into a retainer agreement with Appellant

to secure Appellant's services in seeking a dissolution of marriage on Appellee's behalf. *See* R–34. Paragraph 8 of that agreement states in pertinent part that:

> The undersigned attorney shall have a lien on all of the client's documents, property (both real and personal, regardless of homestead), or money in his or her possession or another's for his/her benefit for the payment of all sums due under this agreement, and upon property or funds received by client by settlement, judgment, or otherwise, or which was an issue in litigation between the parties.

*Id.* Subsequent to the appellee's dissolution proceeding, a Florida state court entered an order granting appellant a charging lien against property formally owned by appellee and her husband as tenants by the entireties. *See* R–37. At issue in this appeal is the Bankruptcy Court's order which held that appellant's charging lien is a "judicial lien" under the Bankruptcy Code which is avoidable under 11 U.S.C. § 522(f). L.C. Doc. No. 44.

## II. Standard of Review

■ Pursuant to Rule 8013 of the Federal Rules of Bankruptcy Procedure, this Court cannot modify or reverse the bankruptcy court's finding of fact unless clearly erroneous, and due regard shall be given to the opportunity of the bankruptcy court to judge the credibility of the witnesses. Conclusions of law are reviewed *de novo* by the appellate court. *See Bosarge v. U.S. Dep't of Educ.*, 5 F.3d 1414, 1417 (11th Cir.1993).

## III. Discussion

### A. Appellee's Motion to Dismiss Appeal

■ Appellee has filed a motion to dismiss Appellant's appeal and argues that this appeal should be dismissed due to the fact that Appellant has failed to file a

transcript of the proceeding below, and that Appellant has engaged in a pattern of late filings and procedural violations. In *Brake v. Tavormina*, 778 F.2d 666, 667 (11th Cir.1985), the court held that dismissal of a bankruptcy appeal is proper only where bad faith, negligence, or indifference has been shown. In the instant case, the Court does not find bad faith, negligence, or indifference in Appellant's actions.[1]

### B. Charging Lien as a "Judicial Lien"

■ The critical issue on appeal is whether an attorney's charging lien under Florida law constitutes a "judicial lien" which is avoidable under 11 U.S.C. § 522(f)(1). Section 522(f)(1) states in pertinent part that:

> Notwithstanding any waiver of exemptions but subject to paragraph (3), the debtor may avoid the fixing of a lien on an interest of the debtor in property to the extent that such lien impairs an exemption to which the debtor would have been entitled under subsection (b) of this section if such lien is-
>
> (A) a judicial lien . . .

Section 101(36) of the Bankruptcy Code defines a "judicial lien" as a "lien obtained by judgment, levy, sequestration, or other legal or equitable process or proceeding." A "judicial lien" has also been defined as "an interest which encumbers a specific piece of property granted to a judgment creditor who was previously free to attach any property of the debtor's to satisfy his interest but who did not have an interest in a specific piece of property before the occurrence of some judicial action." *In re Fischer*, 129 B.R. 285, 286–87 (Bkrtcy.M.D.Fla.1991)(quoting *In re Boyd*, 31 B.R. 591, 594 (D.Minn.1983)). Additionally, the legislative history of section 522 gives insight as to the meaning of a "judicial lien" under section 522(f)(1) in that the

---

1. However, the Court does note that any references in Appellant's brief to what was said at the hearing will be ignored given the fact that Appellant did not include a transcript of the hearing below.

section was created to "thwart creditors who sensed an impending bankruptcy and rushed to the Court to get a judgment with which they could defeat the Debtor's exemptions." *Fischer,* 129 B.R. at 286. In harmony with the legislative purpose of section 522(f)(1), courts have held that a lien which fixes to a property interest before the debtor acquires the interest cannot be avoided under section 522(f)(1). *See, e.g., Farrey v. Sanderfoot,* 500 U.S. 291, 111 S.Ct. 1825, 114 L.Ed.2d 337 (1991); *In re Donovan,* 137 B.R. 547 (Bkrtcy.S.D.Fla.1992)(holding that debtor could not avoid attorney's charging lien on marital residence); *In re Davis,* 96 B.R. 1021 (Bkrtcy.M.D.Fla.1989)(holding that vendor's prior equitable lien on homestead property was not a judicial lien under section 522(f)(1)).

■ To decide whether the attorney's charging lien in this appeal is a judicial lien under section 522, the Court must examine the nature of a charging lien under Florida law. In Florida, a charging lien is an attorney's "equitable right to have costs and fees owed for legal services secured by the judgment or recovery in the lawsuit." *Lochner v. Monaco, Cardillo & Keith, P.A.,* 551 So.2d 581, 583 (Fla. 2d DCA 1989). *See also, Cole v. Kehoe,* 710 So.2d 705 (Fla. 4th DCA 1998). In order for an attorney's charging lien to be imposed, Florida law requires that: (1) there be a contract between the attorney and the client; (2) an express or implied understanding that payment is either contingent upon recovery or will be paid from the recovery; (3) an attempt by the client to avoid paying or a dispute as to the amount of the fee; and (4) a timely notice of the request for a lien. *See Sinclair, Louis, Siegel, Heath, Nussbaum & Zavertnik, P.A. v. Baucom,* 428 So.2d 1383 (Fla.1983). As a matter of state law construction, Florida courts have recognized a difference between a typical judgment lien and an attorney's charging lien in that "a charging lien is superior to a judgment lien obtained after the commencement of an attorney's services." *Miles v. Katz,* 405

So.2d 750, 751 (Fla. 4th DCA 1981). The key to this distinction is that an attorney's charging lien attaches to a judgment, but relates back and takes effect from the time of commencement of services rendered in the action. *See id.*

Under federal bankruptcy law, a majority of courts hold that a statutory attorney's charging lien is not a judicial lien under section 522(f). *See, e.g., In re O'Connell,* 167 B.R. 928 (D.Mont.1994); William L. Norton, Jr., 2 Norton Bankr.L. & Prac.2d § 46:23 (1999). When faced with an equitable attorney's charging lien like the one in this case, at least one federal court has found that equitable charging liens are not "judicial liens" under section 522, and thus cannot be avoided under that section. *See In re Sacco,* 99 B.R. 647 (W.D.Pa.1989). In *Sacco,* the court, relying on the logic from a prior Pennsylvania case, stated that:

> In *In re Sacerdote,* 74 B.R. 487 (E.D.Pa. 1987), a case factually similar to the instant case, the court held that an attorney's charging lien is not a judicial lien: "A pre-petition debt owed to an attorney may be a secured debt if the attorney's claim is protected by one of three Pennsylvania common law liens: a retaining lien, a legal charging lien, or an equitable charging lien."

> [T]he lien which is subject of this dispute is an alleged equitable charging lien ... [t]herefore, we agree with the conclusion of the bankruptcy court in *In re Sacerdote:* we hold that a properly constituted attorney's charging lien is a secured debt which may not be avoided pursuant to 11 U.S.C. § 522(f)(1).

*In re Sacco,* 99 B.R. at 651–52. Notably, the equitable charging lien at issue in *Sacco* is almost identical to the equitable charging lien under Florida law. *See id.* at 652.

■ In *In re Donovan,* 137 B.R. 547 (S.D.Fla.1992), the court was faced with a factually similar situation as the instant appeal in that a party to a dissolution

proceeding had entered into a pre-dissolution agreement with his attorney as to an attorney's charging lien. Without reaching the issue of whether Florida's attorney charging lien is a judicial lien under section 522(f), the court decided the issue in favor of non-avoidability on other grounds.[2] Therefore, it seems that the question of whether Florida's attorney charging lien is a judicial lien under section 522(f)is an issue of first impression for Florida federal courts.

Given the legislative purpose of section 522(f)(1) as set forth in *Fischer*, this Court holds that the attorney's charging lien in this case is not a "judicial lien", and is thus not avoidable under section 522(f)(1). As the Supreme Court noted in *Sanderfoot:*

> The reason Congress singled out judicial liens was because they are a device commonly used by creditors to defeat the protection bankruptcy law accords exempt property against debts . . . [t]hat is not what occurs in a divorce proceeding such as this.

> Conversely, the text, history, and purpose of § 522(f)(1) also indicate what the provision is not concerned with. It cannot be concerned with liens that fixed on an interest before the debtor acquired that interest. . .

*Sanderfoot*, 500 U.S. at 297–301, 111 S.Ct. 1825. In the case of an attorney's charging lien in Florida, an agreement between the attorney and a client that is signed prior to bankruptcy is more akin to a consensual lien such as a mortgage or Article 9 security interest which are not

"judicial liens" under section 522(f)(1). *See, In re Walker*, 72 B.R. 552 (W.D.Pa. 1987); *In re Lamping*, 8 B.R. 709 (E.D.Wis.1981). Although an attorney's charging lien attaches to somewhat of an unidentified final judgment as an end result, it relates back and takes effect from the time of commencement of services rendered in the action. *Miles v. Katz*, 405 So.2d 750, 751 (Fla. 4th DCA 1981). "The fact that bankruptcy may have intervened between the time when the attorney commenced the action and when the assets were received in satisfaction of the cause of action is not significant because the charging lien relates back to the initiation of the action." *O'Connell*, 167 B.R. at 930. Thus, a charging lien like the one in this case can be seen as a sort of pre-bankruptcy consensual security interest in the fruits of the attorney's representation to secure the payment of legal fees. Therefore, unlike the typical judicial lienholder who does not have an interest in a specific piece of property before the occurrence of some judicial action, the attorney's charging lien attaches to the fruits of the legal representation without judicial action and relates back to the date that legal services commenced. *See Sinclair*, 428 So.2d at 1385.

Accordingly, it is ORDERED AND ADJUDGED that the lower court's Order Granting Debtor's Second Amended Verified Motion to Avoid Lien (L.C.Doc. No. 44) is VACATED. Appellee's motion for an extension of time to file an answer brief (Doc. No. 6) is GRANTED nunc pro tunc. Appellee's Motion to Dismiss Appeal (Doc. No. 8) is DENIED. Appellant's Motion to

---

**2.** The *Donovan* court held that under the Supreme Court's holding in *Farrey v. Sanderfoot*, 500 U.S. 291, 111 S.Ct. 1825, 114 L.Ed.2d 337 (1991), the attorney's charging lien was not avoidable under section 522(f) given the fact that the lien "fixed" to the property in question before the debtor acquired her fee simple interest in the subject property. *See Donovan*, 137 B.R. at 549. Notably, the *Sanderfoot* decision would demand the same result in the case at bar. In this case, prior to dissolution, the debtor owned the subject property as a tenant by the entireties with her

spouse. *See* R–37. Before dissolution, the Appellee agreed to a charging lien on any property "received by client by settlement, judgment, or otherwise, or which was an issue in litigation between the parties." R–34. Thus, just like the attorney in *Donovan*, the Appellant's interest "fixed" to the subject property prior to Appellee gaining her post-dissolution interest in the subject property, and thus, the Appellant's charging lien cannot be avoided under section 522(f)(1) even if it is a "judicial lien."

Stay Appeal (Doc. No. 7) is DENIED AS MOOT. Appellee's Motion to Strike Appellant's Reply Brief (Doc. No. 18) is DENIED.