**In re William SCOTT, Jr., Debtor.**

**No. ND–08–10564–RR.**

United States Bankruptcy Court,
C.D. California,
Northern Division.

March 4, 2009.

---

William E. Winfield, Oxnard, CA, for Debtor.

## MEMORANDUM OPINION

RIBLET, Bankruptcy Judge.

The issue presented is whether the debtor may utilize 11 U.S.C. § 522(f)(1) to avoid a Family Law Attorney's Real Property Lien recorded, according to California law, by his former spouse's family law counsel. I conclude that the debtor may not avoid such a lien and, accordingly, deny his motion.

### I. FACTS

Debtor filed his voluntary chapter 7 petition on March 19, 2008. The initially filed schedules included Schedule A, listing the debtor's interest in real property located at 6950 Solano Drive in Camarillo, California. Schedule A reflected a current value of $950,000, subject to a secured claim of $1,095,084. Schedule C, filed March 19, 2008, did not claim a homestead exemption. On June 18, 2008, amended schedules were filed, including an amended Schedule C which claimed a homestead exemption under Cal.Code of Civ. Pro. § 703.140(b)(5) in the amount of $25 in the Solano Drive residence. No objections to the debtor's claims of exemption have been filed.

Long before the commencement of debtor's case, dissolution proceedings between the debtor and his then wife commenced in the Fall of 2005. Mrs. Scott engaged Fer-

guson Case Orr Paterson LLP ("Ferguson Case" or "claimant") to represent her in the dissolution proceedings. Ferguson Case recorded its Family Law Attorney's Real Property Lien ("FLARPL") in accordance with California law[1] on April 10, 2007, in the amount of $40,000 against Mrs. Scott's community property interest in the Solano Drive residence.

On March 10, 2008, the family law court entered its judgment of dissolution and awarded debtor the Solano Drive residence, subject to the encumbrances thereon. The dissolution judgment ordered property division as set forth in the parties' Marital Settlement Agreement. The Marital Settlement Agreement provided:

> The following assets ... are agreed to be Husband's ... B. The former family residence located at 6950 Solano Drive, Camarillo, CA, subject to the encumbrances on said property, including but not limited to the first mortgage, the equity line of credit and any wraparound loan.

Additionally, the Marital Settlement Agreement included language specifically referencing the FLARPL, stating:

> There is currently a Family Law Real Property Lien in place in favor of Ferguson, Case, Orr Paterson, et.al., secured by the former family residence in the amount of $40,000. The court has reserved jurisdiction over the issue of whether the family law real property lien should be purged or allowed to remain in place. This reservation of jurisdiction still exists and the subject is still before the court ... The parties specifically stipulate that regardless of whether Ferguson, Case, Orr Paterson, et.al, is successful in obtaining funds due to the Family Law Real Property Lien, neither party will be entitled to nor responsible for reimbursement to the other party. Each party specifically warrants that he or she will not seek repayment from the other party for any fees and/or distributions associated with the Family Law Real Property Lien.

Two months later, and after the commencement of this chapter 7 case, the family law court addressed the reserved issues relative to the FLARPL. By way of order entered on May 13, 2008, the family law court ordered as follows:

> Petitioner's motion to expunge the Family Law Attorney's Real Property Lien ("FLARPL") is denied in full. The court's prior assertion of a reservation of jurisdiction over the issue, stated in the prior Order, issued on October 12, 2007, is dissolved. Jurisdiction is hereby terminated over the issue and the FLARPL, which is recorded against the 6950 Solano Drive, Camarillo, California property, remains in full force and effect.

On June 6, 2008, claimant Ferguson Case filed a proof of claim in the debtor's bankruptcy case in the amount of $55,000, of which $40,000 was claimed as secured based on the FLARPL. In an Addendum to Proof of Claim, Ferguson Case asserts, "This lien encumbers Annette Scott's interest in the community property real property located at 6950 Solano Drive ..."

On November 3, 2008, the debtor filed the instant motion to avoid the lien of Ferguson Case in the amount of $40,000.

## II.   JURISDICTION

The bankruptcy court has subject-matter jurisdiction pursuant to 28 U.S.C. § 1334 over this core proceeding under 28 U.S.C. § 157(b)(2)(B).

---

1.   Cal. Fam.Code § 2033 (West 2009).

## III. ISSUES

(1) Whether claimant's FLARPL fixed on an interest of the debtor.

(2) Whether the FLARPL is a statutory or a judicial lien.

## IV. DISCUSSION

### A. Did the FLARPL fix on an interest of the debtor?

■ Ferguson Case argues that the debtor cannot avoid the FLARPL because it was fixed on his former wife's interest in the property before the debtor obtained his new sole ownership interest in the property subject to the FLARPL. Ferguson Case relies on the holding of *Farrey v. Sanderfoot*, 500 U.S. 291, 299, 111 S.Ct. 1825, 1830, 114 L.Ed.2d 337 (1991), that "the critical inquiry remains whether the debtor ever possessed the interest to which the lien fixed, before it fixed." Claimant reasons that the debtor did not possess any interest in Mrs. Scott's community interest in the Solano Drive residence at the time the lien attached to Mrs. Scott's community interest. Claimant also cites to *In re Donovan*, 137 B.R. 547 (Bankr.S.D.Fla.1992), which held that the debtor wife could not avoid a lien on real property in favor of the non-debtor husband's attorney because the lien fixed on the non-debtor husband's interest in the residence prior to the debtor obtaining the entire interest.

The debtor, on the other hand, argues that the FLARPL fixed on the Solano Drive community property of the debtor in April 2007, upon recordation, and because

debtor owned a community property interest in the residence at that time, the lien fixed on an interest of the debtor. Debtor relies on *Law Offices of Moore & Moore v. Stoneking (In re Stoneking)*, 225 B.R. 690 (9th Cir.BAP1998).

■ The U.S. Supreme Court in *Farrey* held that "unless the debtor had the property interest to which the lien attached at some point *before* the lien attached to that interest, he or she cannot avoid the fixing of the lien under the terms of § 522(f)(1)." *Farrey*, 500 U.S. at 296, 111 S.Ct. 1825. "[I]t is settled that a debtor cannot use § 522(f)(1) to avoid a lien on an interest acquired after the lien attached." *Id.,* at 299, 111 S.Ct. 1825 (citations omitted). "[T]he critical inquiry remains whether the debtor ever possessed the interest to which the lien fixed, before it fixed. If he ox she did not, § 522(f)(1) does not permit the debtor to avoid the fixing of the lien on that interest." *Id.*

Relying on Wisconsin state law and the fact that the parties held title in joint tenancy prior to the divorce judgment, the U.S. Supreme Court determined that the divorce decree extinguished both parties' pre-existing undivided half interests. The same decree awarded husband his fee simple interest and simultaneously granted a lien to the wife. "[Husband] took the interest and the lien together, as if he had purchased an already encumbered estate from a third party. Since [husband] never possessed his new fee simple interest before the lien 'fixed,' § 522(f)(1) is not available to void the lien." *Id.,* at 300, 111 S.Ct. 1825.[2]

---

2. In *Farrey*, the Wisconsin court granted a judgment of divorce and awarded the family home to the husband. To equalize division of the marital estate, the court ordered husband to pay wife $29,208.44, half the difference in the value of their net assets. To secure the award, the decree provided that wife was to

have a lien against the real estate in the amount of money due her, and that the lien would remain attached to the real property until the total amount of money had been paid in full. The U.S. Supreme Court determined that the debtor husband was not per-

In *Donovan*, 137 B.R. 547, during the parties' divorce, the husband's attorney requested and was granted a charging lien against the husband's one-half interest in the residence. The charging lien was recorded. Subsequently, the parties entered into a settlement wherein the husband transferred his undivided one-half interest in the residence to the debtor wife, subject to the charging lien of his counsel, After obtaining court approval of the settlement, the husband executed a quit claim deed which provided that the conveyance was subject to the charging lien of the attorney.

Five years later, the debtor wife and her new husband filed a chapter 7 petition, claiming a homestead exemption in the residence. They moved to avoid the charging lien claiming that it impaired their homestead exemption. The creditor opposed the motion, asserting that the lien attached solely to the ex-husband's one-half interest prior to the debtor wife's acquisition of the entire interest in the residence. Alternatively, the creditor argued his charging lien was not a judicial lien and therefore not avoidable.

The *Donovan* court, applying *Farrey*, determined that since the creditor's lien fixed to the property before the debtor acquired her interest, the lien did not fix on the debtor's interest in the property. Thus, the debtor could not avoid the creditor's lien.

In *Stoneking*, 225 B.R. 690, the debtor sought to avoid the judicial lien of a law firm which had represented the debtor's former spouse in divorce proceedings. The Ninth Circuit Bankruptcy Appellate Panel held that the debtor, who now had sole ownership of his residence, could avoid the judicial lien imposed on his residence while he was holding a community property interest in it. The debtor alleged that his former spouse executed a quit-claim deed after entry of the fee award to the firm, but before the abstract of judgment was recorded. The court observed that there was nothing in the record to support that allegation, further noting, "In

mitted to use § 522(f)(1) to avoid wife's lien, reasoning that:

> [T]he lien could not have fixed on [husband's] preexisting undivided half interest because the divorce decree extinguished it. Instead, the only interest that the lien encumbers is debtor's wholly new fee simple interest. The same decree that awarded [husband] his fee simple interest simultaneously granted the lien to [wife]. As the judgment stated, he acquired the property "free and clear" of any claim "except as expressly provided in this [decree]." ... [Husband] took the interest and the lien together, as if he had purchased an already encumbered estate from a third party. Since [husband] never possessed his new fee simple interest before the lien "fixed," § 522(f)(1) is not available to void the lien. The same result follows even if the divorce decree did not extinguish the couple's preexisting interests but instead merely reordered them. The parties' current position notwithstanding, it may be that under Wisconsin law the divorce decree augmented

[husband's] previous interest by adding to it [wife's] prior interest. If the court in exchange sought to protect [wife's] previous interest with a lien, § 522(f)(1) could be used to undo the encumbrance to the extent the lien fastened to any apportion of [husband's] previous surviving interest. This follows because [husband] would have possessed the interest to which that part of the lien fixed, before it fixed. But in this case, the divorce court did not purport to encumber any part of [husband's] previous interest even on the assumption that state law would deem that interest to have survived. The decree instead transferred [wife's] previous interest to [husband] and, again simultaneously, granted a lien equal to that interest minus the small amount of personal property she retained. [Husband] thus would still be unable to avoid the lien in this base since it fastened only to what had been [wife's] preexisting interest, and this interest [husband] would never have possessed without the lien already having fixed. *Farrey*, 500 U.S. at 299–300, 111 S.Ct. 1825.

any event, at the time the Superior Court imposed the lien on the community property including the Residence ... Debtor held a community property interest in the Residence," *Stoneking*, 225 B.R. at 691.

The Panel distinguished its facts from those of *Farrey*, noting that unlike *Farrey*, the judicial lien attached to the debtor's community property, which interest the debtor held before the lien attached. As a result of that distinction, the debtor could avoid the lien. The Panel limited the application of *Farrey* to liens created simultaneously with the creation of the new property interests.

The Panel further reasoned against making an arbitrary distinction between a debtor who obtains a divorce after the lien is affixed and a debtor who remains married after the lien is affixed:

> While a debtor may not avoid a lien that attached before he held *any* interest in the property, it does not necessarily follow that a debtor cannot avoid a lien merely because his property interests were augmented after attachment of the lien. If a debtor could have avoided such a lien on community-held real property pursuant to section 522(f)(1) before acquiring sole ownership of the property, that debtor should not lose the right to avoid that same lien after acquiring sole ownership. Otherwise, a judgment creditor whose debtor happens to obtain a divorce after the lien is affixed on community property is fortuitously excluded from the lien avoidance scope of section 522(f)(1), while a creditor whose debtor remains married after the lien is affixed on real property is subject to having its lien avoided under that section. There is no basis in section 522(f)(1) for such an arbitrary distinction.

*Stoneking*, 225 B.R. at 695.

Just as the *Stoneking* Panel found factual distinctions between the facts before it

and those in *Farrey*, there are significant factual distinctions between the facts of this case and those of *Stoneking*, making this case more closely aligned with *Farrey*. The creditor law firm in *Stoneking* obtained an order for recovery of its fees against the debtor and *against the community property of both parties*. The *Stoneking* lien was *not* imposed under statute. Rather, the recorded abstract of judgment was clearly a judicial lien, as it resulted from a court order.

In contrast, in the facts presented here, during the time that the residence was held as community property, the Ferguson Case lien was recorded solely against Mrs. Scott's undivided interest in the community property. The lien was recorded as a Family Law Attorney's Real Property Lien under Cal. Fam.Code § 2033, which specifically provides that such encumbrance "attaches only to the encumbering party's interest in the community real property."

In the parties' Marital Settlement Agreement, the former family residence was awarded to the debtor/husband "subject to the encumbrances on said property, including but not limited to the first mortgage, the equity line of credit and any wrap-around loan." Mrs. Scott was awarded an equalizing payment of $6,000, payable at $1,000 per month. Additionally, the Marital Settlement Agreement included language specifically referencing the FLARPL, stating that the family law court had reserved jurisdiction over the issue of whether the FLARPL should be purged or allowed to remain in place. The family law court subsequently denied the debtor husband's motion to expunge the FLARPL and ordered that "the FLARPL, which is recorded against the 6950 Solano Drive, Camarillo, California property, remains in full force and effect."

Thus, the circumstances of this case are much more akin to those of *Farrey*, wherein the subject lien never encumbered the debtor's pre-existing undivided one-half interest. The lien in *Farrey*, which was granted in favor of the wife to secure payment of an equalizing payment, was granted simultaneously with the awarding of the fee simple interest to the debtor husband. "[Husband] took the interest and the lien together, as if he had purchased an already encumbered estate from a third party. Since [husband] never possessed his new fee simple interest before the lien 'fixed,' § 522(f)(1) is not available to void the lien." *Farrey*, 500 U.S. at 300, 111 S.Ct. 1825. Here, the FLARPL never encumbered the debtor's pre-existing community property interest because it attached only to the encumbering party's (Mrs. Scott's) interest in the community property. Cal. Fam.Code § 2033. As in *Farrey*, Debtor here took his interest and the lien together, as if he purchased an already encumbered estate from a third party. Since debtor never possessed his new fee simple interest before the lien fixed, § 522(f) is not available to void the lien.

The facts here are also strikingly similar to those in *Donovan* wherein the debtor wife acquired her ex-husband's interest *subject to* the creditor's lien. Because the lien fixed to the former husband's one-half interest prior to the debtor's acquisition of the husband's interest, the lien did not fix on the debtor's interest. The debtor could not avoid the lien under § 522(f). *Donovan*, 137 B.R. at 550.

Moreover, under the unambiguous language of the California statute, the

FLARPL could attach only to Mrs. Scott's community interest. "This encumbrance shall be known as a 'family law attorney's real property lien' and attaches only to the encumbering party's interest in the community real property." Cal. Fam.Code § 2033. Simply because debtor had a community interest in the community real property does not mean that the lien attached to *his* community interest in the property. Rather, the lien attached to Mrs. Scott's community interest only. Because the Ferguson Case FLARPL did not fix on an interest of the debtor in the residence at the time it was recorded, the debtor may not utilize 11 U.S.C. § 522(f)(1) to avoid the lien.

**B.  Is the FLARPL a statutory or a judicial lien?**

There are no cases determining whether a California FLARPL is a statutory lien or a judicial lien.

Under the provisions of Cal. Fam.Code § 2033, a FLARPL attaches only to the encumbering party's interest in the community property and does not require any subsequent action by the Family Law court to be effective. If the attorney asserting the lien fails to comply with the notice requirements (including specifying the amount of attorney fees to be secured by the lien) of Cal. Fam.Code § 2033, the lien will be invalid *ab initio*. *Toscano v. Toscano*, 2002 WL 226124 (Cal.App.2002); and *Kipperman v. Sutherland (In re Bush)*, 356 B.R. 28 (Bankr.S.D.Cal.2006) (Notice of the § 2033 lien must be served personally on the other party at least 15 days before recordation of the encumbrance).[3]

---

**3.** In *Bush*, the chapter 7 trustee filed an adversary complaint against the attorney who represented the debtor in prepetition dissolution proceedings, seeking to avoid a charging lien, a judicial lien, and a FLARPL. The

Bankruptcy Court in the *Bush* case did not decide whether a FLARPL was a statutory lien because the attorney in that case did not record a FLARPL. Rather, she filed an All Inclusive Deed of Trust and Assignment of

Cases interpreting other state attorney liens are instructive. The Eleventh Circuit determined that to the extent an attorney's charging lien under Florida law was valid, it was not a judicial lien and therefore not avoidable as impairing the debtor's homestead. *Weed v. Washington (In re Washington)*, 242 F.3d 1320 (11th Cir.2001). The Eleventh Circuit reasoned that the interest created by a valid attorney's charging lien arises by operation of law when all the requirements of such a lien are satisfied.

In *In re Dubois*, 2004 WL 343984 (Bankr.D.N.H.2004), the court addressed the issue of whether an attorney's claim for fees under a New Hampshire statute was a judicial lien or a statutory lien. Because the attorney had not been paid from the equalizing payment by the non-debtor spouse to the debtor, the attorney sought enforcement in the superior court. The superior court entered an order determining that the attorney had an attorney's lien under New Hampshire law against the debtor's 401(k) account and ordered the debtor to make payments. The debtor then filed a chapter 7 petition and moved to avoid the attorney's lien. After discussing the definitions of security interest, judicial lien and statutory lien, the bankruptcy court concluded that the attorney's lien satisfied each and every element of the definition of a statutory lien: the lien arose solely under the statute; it was not obtained through any judicial proceeding, court order or agreement, but arose solely because of the provisions of the statute; and no action by the court was necessary to create the lien. Furthermore, the court rejected the argument that resorting to the courts to perfect, enforce or determine

the nature or extent of the statutory lien transformed the lien into a judicial lien.

[T]he statute does not authorize the superior court to create the lien itself. In this case, the superior court's order only confirmed the existence of the statutory lien and determined the amount and payment terms for the lien. Those actions were in furtherance of the enforcement of an existing lien, not the creation of the lien. Accordingly, the superior court's order of August 26, 2003 did not convert the Creditor's statutory lien into a judicial lien.

*Dubois*, 2004 WL 343984, at *3.

Similarly, the Bankruptcy Court for the Western District of Oklahoma held that an attorney's charging lien was statutory and not included among the types of liens that can be avoided under § 522(f)(1)(A). *In re Bingham*, 344 B.R. 648 (Bankr.W.D.Okla. 2006). "An attorney's statutory charging-lien which is properly perfected before the client files for bankruptcy is a statutory lien that cannot be avoided pursuant toll U.S.C. § 522(f)(1)(A)." *Id.*, at 650 (citation omitted).

In *In re O'Connell*, 167 B.R. 928 (Bankr.D.Mont.1994), the chapter 7 debtor sought to avoid an attorney's lien of her former dissolution attorney, contending that the attorney's lien was an avoidable judicial lien. The court determined that Montana's statute governing attorneys' liens was a codification of the common law attorney's charging lien. The court determined that under Montana law, the attorney's charging lien was based on a statutory right, much like a mechanic's lien. "Like a mechanic's lien, an attorney's lien arises out of the statute, which creates the lien, and even the enforcement of the lien by judgment does not change the charac-

---

Rents. There was no dispute that the document was recorded, thus giving constructive notice to the chapter 7 trustee. The court *sua*

*sponte* granted summary judgment in favor of the attorney on the non-avoidance of the All Inclusive Deed of Trust.

ter of the statutory lien." *O'Connell,* 167 B.R. at 931, *citing Graffen v. City of Philadelphia,* 984 F.2d 91, 96 (3rd Cir.1992), The *O'Connell* court found the facts before it parallel to those in *In re Sacco,* 99 B.R. 647 (Bankr.W.D.Pa.1989), wherein the court held that an attorney's charging lien under Pennsylvania law was not a judicial lien and could not be avoided. "An attorney's charging lien arises by operation of law.... [N]o affirmative action is required to establish an attorney's charging lien ... [W]e hold that a properly constituted attorney's charging lien is a secured debt which may not be avoided pursuant to 11 U.S.C. § 522(f)(1)." *O'Connell,* 167 B.R. at 931, *citing Sacco,* 99 B.R. at 651–52. The *O'Connell* court concluded:

> Since Congress has specifically limited § 522(f)(1) to judicial liens, the statutory lien of Bell trumps the Debtor's motion to avoid Bell's attorney's lien ... I conclude Montana's attorney lien statute Section 37–61–420 creates a statutory lien as that terra is defined in § 101(53) of the Bankruptcy Code which cannot be avoided under § 522(f)(1).

*O'Connell,* 167 B.R. at 931.

A Family Law Attorney's Real Property Lien created under Cal. Faro.Code § 2033 falls squarely within the definition of a statutory lien. A "statutory lien" is a lien "arising solely by force of a statute on specified circumstances or conditions, ... but does not include security interest or judicial lien." 11 U.S.C. § 101(53). On the other hand, a "judicial lien" is "obtained by judgment, levy, sequestration, or other legal or equitable process or proceeding." 11 U.5.C. § 101(36).

California's FLARPL statute provides as follows:

> (a) Either party may encumber his or her interest in community real property to pay reasonable attorney's fees in order to retain or maintain legal counsel in a proceeding for dissolution of marriage, for nullity of marriage, or for legal separation of the parties. This encumbrance shall be known as a "family law attorney's real property lien" and attaches only to the encumbering party's interest in the community real property,
>
> (b) Notice of a family law attorney's real property lien shall be served either personally or on the other party's attorney of record at least 15 days before the encumbrance is recorded. This notice shall contain a declaration signed under penalty of perjury containing all of the following:
>
> (1) A full description of the real property.
>
> (2) The party's belief as to the fair market value of the property and documentation supporting that belief.
>
> (3) Encumbrances on the property as of the date of the declaration.
>
> (4) A list of community assets and liabilities and their estimated values as of the date of the declaration.
>
> (5) The amount of the family law attorney's real property lien.
>
> (c) The nonencumbering party may file an ex parte objection to the family law attorney's real property lien. The objection shall include a request to stay the recordation until further notice of the court and shall contain a copy of the notice received. The objection shall also include a declaration signed under penalty of perjury as to all of the following:
>
> (1) Specific objections to the family law attorney's real property lien and to the specific items in the notice.
>
> (2) The objector's belief as to the appropriate items or value and any documentation supporting that belief.
>
> (3) A declaration specifically stating why recordation of the encumbrance at this time would likely result in an un-

equal division of property or would otherwise be unjust under the circumstances of the case.

(d) Except as otherwise provided by this section, general procedural rules regarding ex parte motions apply.

(e) An attorney for whom a family law attorney's real property lien is obtained shall comply with Rule 3–300 of the Rules of Professional Conduct of the State Bar of California.

Cal. Fam.Code § 2033 (West 2009).

A California FLARPL requires an agreement between the attorney and his client for the payment of fees in a dissolution proceeding. The client can agree to encumber his or hex interest in community property to secure payment of such fees. The lien attaches only to the encumbering party's interest in the community real property. To be valid, the statute requires a notice of the lien to be served personally or on the other party's attorney of record at least 15 days before recordation. The notice must contain a full description of the real property, the party's belief as to fair market value, encumbrances on the property at the time of the declaration, a list of community assets and liabilities with estimated values, and the amount of the attorney's lien.

Absolutely no intervention is required by the family law court to create a valid family law attorney's lien in community real property. The statute sets forth a procedure for challenging such a lien by the non-encumbering party.

The debtor here unsuccessfully challenged the Ferguson Case FLARPL. The family law court denied his motion to expunge the lien and ordered that the lien remain in full force and effect. The state court did not create the lien, nor did the court transform the lien into a judicial lien merely by determining that the lien remained in full force and effect.

This Court having determined that the FLARPL is a statutory lien, the Debtor may not attempt to utilize 11 U.S.C. § 522(f)(1) to avoid it.

## V. CONCLUSION

The debtor's motion to avoid the Ferguson Case FLARPL is DENIED on two separate bases: first, the FLARPL is a statutory lien and not avoidable under 11 U.S.C. § 522(f)(1); and second, because the debtor here did not possess the interest being attached at the time the FLARPL fixed (which fixed only on Mrs. Scott's community property interest in the residence), the fixing was not on the debtor's interest. Accordingly, the Ferguson Case FLARPL cannot be avoided under the specific provisions of 11 U.S.C. § 522(f)(1).